United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Candi Allred and others, Plaintiffs, <br><br> v. <br><br> Wal-Mart Stores, Inc., Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 19-80922-Civ-Scola (applicable to all 79 cases arising from severed cases 19-80152 and 19-80153) |

**Order**

    In response to the Court's order (ECF No. 15) following a status conference, Defendant Wal-Mart Stores, Inc. selected three of the severed cases pending before the Court which it believed best exemplify complaints that warrant dismissal;[1] and counsel representing the Plaintiffs selected the three cases that they believed best exemplify complaints that would survive dismissal.[2] (ECF Nos. 17, 18.) The Court has carefully reviewed these complaints and the parties' motion-to-dismiss briefing therein and has entered orders in all six cases. The Court granted all three motions to dismiss in the cases identified by Walmart and granted two of the motions to dismiss in the cases identified by the Plaintiffs. Regarding the third complaint identified by the Plaintiffs—*Williams v. Walmart*—the Court granted Walmart's motion to dismiss only in part, denying it with respect to one of the claims in the complaint.

    Having closely evaluated these six cases, the Court notes that counsel for the Plaintiffs in the severed cases continue to maintain an unworkable view of their clients' cases. Two of the cases they identified as *best* exemplifying complaints they believe would survive dismissal did not even come close. And the third fared only slightly better with a small portion of Plaintiff Pam Williams's claims narrowly escaping dismissal. At the same time, while Walmart is indeed right regarding the weaknesses of, it seems, many of the Plaintiffs' complaints, it nonetheless refused to acknowledge the direct allegation of discrimination set forth in Williams's complaint—in fact, it did not even mention this allegation in its motion to dismiss. Thus, while the Plaintiffs need to accept that the vast majority of the complaints filed in the severed cases cannot survive dismissal, Walmart, at the same time, must stop sticking its head in the sand regarding the Plaintiffs who have actually stated valid claims.

---

[1] *Colson v. Wal-Mart Stores, Inc.*, Case No. 9:19-cv-80986-RNS; *Stump-Wolfe v. Wal-Mart Stores, Inc.*, Case No. 9:19-cv-80972-RNS; *Gamarra v. Wal-Mart Stores, Inc.*, Case No. 9:19-cv-80940-RNS.

[2] *Pam Williams v. Wal-Mart Stores, Inc.*, Case No. 9:19-cv-81021-RNS; *Radtka v. Wal-Mart Stores, Inc.*, Case No. 9:19-cv-81013-RNS; *Urban-Klohn v. Wal-Mart Stores, Inc.*, Case No. 9:19-cv-80975-RNS.

To that end, counsel for the parties are ordered to meet and confer, in person, to review the amended complaints filed in the remaining cases where there are motions to dismiss pending. Counsel must, *together* and with open minds, review *each case*, individually, in light of the Court's rulings in the six cases listed above, to determine whether: (1) it would be frivolous for the Plaintiffs in any of the remaining cases to continue to resist dismissal (or, in some cases, partial dismissal) of their complaints; (2) Walmart has overlooked allegations that actually do show actual evidence of discrimination which would render their corresponding motions to dismiss frivolous, either in whole or in part; and (3) whether a settlement might be reached in any of the remaining cases before the Court rules on any more of the motions to dismiss (including in the four cases where Walmart has filed partial answers). The parties must meet and confer by **October 18, 2019**. Thereafter, the parties must submit a joint status report by **October 23, 2019** regarding their determinations as to the above three issues.

As has been set forth in each of the remaining cases with pending motions to dismiss, the Plaintiffs' responses to Walmart's motions to dismiss are due on November 4, 2019. As these cases move forward, the Court orders the parties to consider the orders on the motions to dismiss entered in the cases listed above and to fully bear in mind their Rule 11 obligations.

The Court will hold a hearing on a number of Walmart's motions to dismiss on **December 6, 2019, at 9:00 AM** at the Wilkie D. Ferguson, Jr. Federal Courthouse, Courtroom 12-3, 400 North Miami Avenue, Miami, Florida 33128. An order setting forth the details related to this hearing will be entered prior to December 6.

**Done and ordered** at Miami, Florida, on October 10, 2019.

Robert N. Scola, Jr.
United States District Judge