# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-80922-Civ-Scola

CANDI ALLRED,

     Plaintiff,

v.

WAL-MART STORES, INC.,

     Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff CANDI ALLRED, files her Response in Opposition to Defendant's Motion to Dismiss her Amended Complaint. (DE 7). Defendant has withdrawn its Motion to Strike. [1]

### I.    FACTUAL BACKGROUND

Plaintiff Allred brings a claim for pay discrimination against Wal-Mart on the basis of her gender. Her claim is not complicated.

In her Amended Complaint she alleges she was employed between 1996 and 1999 in Store Number 1297. (DE 3 ¶18). During her employment, she was hired into the meat department. While working as an associate she learned from a male coworker that he and all the other similarly situated men were paid more than her. (¶19). After working for years in the meat department, she only finally received a raise after she complained to her manager about the pay discrepancy and let him know she would resign if he did not correct the situation. (DE 3 ¶20). Allred contends that Wal-Mart's pay practices in this regard were discriminatory on the basis of her gender. (¶ 85).

Allred brings a claim for gender discrimination on the basis of her pay. She contends her facts, albeit brief, are sufficient to support her claims of disparate treatment.[2] Specifically, Ms.

---

[1] Wal-Mart's counsel advised Plaintiff via email on November 10, 2019 that it was not moving forward with the Motion to Strike.

[2] Plaintiff has previously stipulated to withdraw her disparate impact claim. (See *Allred v. Wal-Mart Stores, Inc*. Case No.19-cv-80922-RNS DE 30).

Allred has identified that similarly situated males, who held the same position in the same store at the same time as her, were compensated at a rate higher than hers. Ms. Allred contends that this was due to her gender and supports this claim based on the culture and history of Wal-Mart's discriminatory actions towards females.

Her claim is also timely. Plaintiff filed her claim within 90 days in a case styled *Price et. al, v. Wal-Mart Stores, Inc.*, Case 19-80152 DE 1, along with several other pay discrimination plaintiffs.  On July 12, 2019 the Court severed her claim and ordered the filing of an amended complaint. Her Amended Complaint was timely filed. (DE 3). Wal-Mart filed a Motion to Dismiss (DE 7) and this response in opposition follows.

This Court previously rejected Wal-Mart's overly technical and narrow view of the exhaustion requirements for the Plaintiff's discrimination claims relating to her Charge of Discrimination. Notwithstanding, Wal-Mart continues to make similar arguments in their motion. (See *Forbes,* DE 156, pp. 15-16).

As shown herein, all of Defendant's arguments lack merit. Plaintiff has put forth specific factual assertions to support her individual disparate treatment claim for pay, her claim is bolstered by other women in the same region who faced the same gender discrimination in pay, as well as a history of a culture that disparately treats women. Plaintiff's claim was preserved through the original *Dukes* class action litigation and their timely filing of EEOC Charges based on the *Dukes* ordered deadline.

Plaintiff's Amended Complaint (DE 3) meets the pleading requirements under the Federal Rules, and Defendant's attempt to avoid liability through procedural means fails. Defendant's motion should be denied.

## II.    REMAINING ISSUES FOR THE COURT TO DECIDE

The remaining issues on Wal-Mart's Motion to Dismiss Allred's Complaint are whether she meets the *Iqbal* pleading requirements for disparate pay; and whether her claims were subject to tolling by the Dukes class.

### A.    Plaintiff's Complaint Meets Federal Pleading Requirements

Plaintiff Allred must meet a plausibility standard, not a probability standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007) (holding plaintiffs need to plead "only enough facts to state a claim to relief that is plausible on its face"). She has met her pleading burden – it is plausible, given the facts alleged, that she suffered discrimination because of her gender.

Additionally, Allred has alleged similar fact evidence, or "me too" evidence of other women in her region, who have faced the same discriminatory acts in relation to pay. She outlines Wal-Mart's knowledge of disparities and a culture that discriminated against women. This similar fact evidence shows Wal-Mart's "'motive, …intent,…[or] plan' to discriminate against the plaintiff." *Goldsmith v. Bagby Elevator Co*., 513 F.3d 1261, 1286 (11th Cir. 2008); see also, *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1309 (11th Cir. 2016) (same).

Ms. Allred's Amended Complaint presents a convincing mosaic of discrimination on the basis of her gender. It is important to note that the standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. Discovery will provide the evidence to support these claims and show Wal-Mart's liability for the discriminatory practices.

**B.    Plaintiff Has Plead Pay Disparity**

Plaintiff has alleged sufficient facts to support her claim. In *Twombly*, the Supreme Court specifically stated it did *not* overrule its previous holding in *Swiekiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) which held that a plaintiff need not allege specific facts to establish a *prima facie* case. *See Twombly*, 550 U.S. at 569. The Court stated, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Wal-Mart's argument that Ms. Allred failed to provide specifics such as the identity of a comparator, which is part of the *McDonnell Douglas* prima facie case is an error. Plaintiff is not limited to comparators under the *McDonnell Douglas* paradigm or direct evidence to prove her claims of discrimination. *See, e.g., Smith v. Lockheed-Martin*, 644  F.3d 1321, 1328 (11th Cir. 2011) (nothing that if a plaintiff "presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent," she "will always survive summary judgment"). But, whether she proves her claims through direct evidence or circumstantial evidence, those burdens are not at issue at the pleading stage. Ms. Allred must only plead enough facts to show a plausible case of discrimination. She has done so.

Defendant Wal-Mart argues that Plaintiff Allred's Amended Complaint fails for not specifically identifying the men who were paid more. She only needs to allege that she was paid less and was equally or better qualified. However, establishing the elements of the McDonnell Douglas framework and the identity of comparators is not, and never was intended to be, the *sine qua non* for a plaintiff's claim to survive – particularly on a motion to dismiss. *Smith v. Lockheed-*

*Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) [ruling on a summary judgment case that, "plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case."].

Plaintiff is mindful of this Court's ruling in the related case of *Pamela Williams v. Wal-Mart*, Case No. 19-81021, that while Plaintiff does not need not set forth evidence establishing a prima facie case under the McDonnell framework in order to survive dismissal, she is required to allege facts that support her claim of gender discrimination. (*Williams* DE 20, Page 4). She contends she has done so here.

Plaintiff **has** identified that other men in her department, the meat department, were paid more. Although Plaintiff is not required to identify a comparator at this early stage, she has done so generally. With additional discovery it is entirely likely she will be able to identify the full names of the men she worked with, as well as additional proof of her claim. Given Wal-Mart's policies of not discussing pay, Plaintiff should be permitted discovery to prove her claim.

Plaintiff has met the plausibility standards by pleading "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability for her disparate pay claims. *Twombly*, 550 U.S. at 556. Plaintiff alleges she was paid less than similarly situated male employees (DE 3, ¶¶ 84).

Plaintiff's pleading burden is not onerous, and she met it. Defendant's Motion should be denied.

### C.   Plaintiff Did Not File a "Shotgun" Pleading

Wal-Mart also argues, in a footnote, that Ms. Allred's Amended Complaint is a shotgun pleading and should be dismissed on this ground. However, a motion under Rule 12(b)(6) is not the proper vehicle to address an alleged shotgun pleading. Instead, the proper method for responding to a complaint that a defendant claims it cannot form a proper response to, is to file a motion for a more definite statement under Rule 12(e). *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (noting a "defendant is expected to move the court, pursuant to Rule 12(e)" if faced with potential shotgun pleading). Wal-Mart failed to so move and cannot complain now that it cannot formulate a response to her Amended Complaint.

### D.   Federal Pleading Standards Do Not Mandate a Minimum Number of Allegations

Defendant Wal-Mart argues that Plaintiff's Amended Complaint only contains four paragraphs regarding her claims. This is a rather myopic view of the allegations. As Ms. Allred claims stem from what was once a class action lawsuit initiated almost two decades ago, as such,

she provides numerous details to provide context to her claims. She details the procedural history leading to her individual lawsuit. She details Wal-Mart's organizational structure and policies that enabled the discrimination she suffered. She provides details regarding other women who worked in the same region as her, who faced the same discriminatory acts in regard to pay. And, she provides facts supporting her individual claims of disparate treatment. There is simply no numerosity requirement of allegations in Rule 8 that Plaintiff must meet to satisfy the pleading requirements. She put forth facts regarding the pay policies and the manner in which it affected her: she was paid less than similarly situated men. And she was not the only woman who faced such discriminatory practices. Wal-Mart's narrow view of her allegations does not support dismissal of her claims.

## III.   PLAINTIFF'S CLAIMS ARE NOT BARRED BY ANY STATUTE OF LIMITATIONS

Wal-Mart also argues that Plaintiff Allred's claims are not timely since she separated employment in 2007 and did not file a charge until May 2012. This argument is misplaced.

As the Court is aware, this case and the other related cases pending before it originated from the national class certified in *Dukes v. Wal-Mart*, filed more than ten years ago. (DE 3 ¶ 2). Plaintiff was a class member of that case. (DE 3 ¶2-6). On June 20, 2011, the United States Supreme Court reversed that class certification order. While that certification order was working its way through the appellate process, time periods for filing EEOC charges and subsequent litigation for all former class members were tolled. Following the Supreme Court's reversal, the Northern District of California issued an order permitting all class members to file individual Charges of Discrimination with the EEOC by May 25, 2012. (DE 3 ¶2-6).

Plaintiff has done so by filing her Charge on March 29, 2012. (See Charge DE 3-1) .

The relevant time period in this action for the Plaintiff's claims is based on the limitations period from *Dukes*. The limitations period starts on December 26, 1998, which is 300 days before the earliest charge filed with the EEOC by a former member of the *Dukes* class, and runs through the date of trial. (DE 3 ¶ 4-5). Specifically, all claims arising on or after December 26, 1998, which is 300 days before the earliest charge filed with the EEOC by a former member of the *Dukes* class, are timely, as they have been the subject of an EEOC charge and class claims in Dukes, and then a subsequent EEOC charge within the deadline following the end of tolling in Dukes. Plaintiff timely filed her charge. (DE 3 ¶6). Thereafter, Plaintiff received her Right to Sue from the EEOC and filed her claim within 90 days (DE 3 ¶8). On July 12, 2019 the Court severed her claim and

ordered the filing of an amended complaint. ( DE 3 ¶9).  Plaintiff timely refiled this action in compliance with the Court's Order severing. (See DE 3 DE 3 ¶10).

It is well settled that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). The Supreme Court extended this rule in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), which held that American Pipe tolling applied not only to putative class members attempting to intervene in the class action*, but also those who later decide to bring individual suits*. [Emphasis Added] *Id.* at 350.

The Court reasoned that the class complaint alerts the defendant "of the need to preserve evidence and witnesses respecting the claims of all the members of the class." *Id.* at 353. There is thus "no potential for unfair surprise, regardless of the method class members choose to enforce their rights." *Id.*

Plaintiff timely exhausted her administrative prerequisites by filing before the prescribed deadline of May 25, 2012.

This Court previously rejected Wal-Mart's overly technical and narrow view of the tolling and exhaustion requirements for the Plaintiff's discrimination claims relating to her charge of discrimination and tolling requirements. Notwithstanding, Wal-Mart continues to make similar arguments in their motion. (See *Forbes,* DE 156, pp. 15-16).[3]

In its previous denial of Wal-Mart's Motion to Dismiss on the *Forbes* case, which was similar to this filing, the Court admonished that Wal-Mart's arguments relating to tolling, and the 2004-2006 pay adjustments were more properly raised in a summary judgment.[4] (See *Forbes* DE

---

[3] Similarly, Walmart's hypertechnical understanding of the requirements for a plaintiff's Equal Employment Opportunity Commission charge of discrimination is misplaced. Going forward, Walmart is cautioned that the Court deems the Plaintiffs' complaint allegations (with the sole exception of Forbes's promotion claims, as described above in footnote 3 in section 3.B.(1)) to fall well within "the scope of the EEOC investigation which" would have been "reasonably [] expected to grow out of the charge[s] of discrimination." (quotations omitted). Thus, to the extent Walmart seeks to raise this exhaustion argument in relation to the other cases pending against it, it must ensure that it is not relying on an overly narrow interpretation of what a plaintiff is required to present in an EEOC charge. That is, so long as the claims raised in a complaint are "sufficiently related to the allegations in the charge," "it would be unfair to civil rights plaintiffs to bar such claims in a civil action." (quotations omitted).
[4] "[Wal-Mart's] argument regarding the 2004 and 2006 restructuring allegations is more appropriately raised in a motion for summary judgment or in a motion in limine."

53 Page 3).

Wal-Mart's motion should be denied.

### III.    CONCLUSION

For the reasons herein, Plaintiff requests this Court to deny Defendant's Motion to Dismiss the Complaint *en toto*.

### CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No.: 135331
Cscott@scottwagnerlaw.com
Lindsey Wagner, Esq.
lwagner@scottwagnerlaw.com
**Scott Wagner and Associates, P.A.**
Jupiter Gardens
250 South Central Boulevard, Suite 104
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

Leslie M. Kroeger, Esq.
Florida Bar No.: 989762
lkroeger@cohenmilstein.com
Diana L. Martin
Florida Bar No. 624489
dmartin@cohenmilstein.com
**Cohen Milstein Sellers & Toll, PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401

Joseph M. Sellers, Esq.
JSellers@cohenmilstein.com
Christine E. Webber, Esq.
Cwebber@cohenmilstein.com
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Ave NW, Suite 500 West
Washington, DC 20005

Telephone: (202) 408-4600
Facsimile: (202) 408-469
*Attorneys for Plaintiff*

## SERVICE LIST
## CASE NO. 19-cv-80993-RNS

Kimberly J. Doud
kdoud@littler.com
LITTLER MENDELSON, P.C.
111 North Orange Ave, Suite 1750
Orlando, FL 32801
Telephone: 407.393.2900
Facsimile: 407.393.2929

Allan G. King
Email: AGKing@littler.com
Littler Mendelson, P.C.
100 Congress Avenue, Suite 1400
Austin, TX 78701
Telephone: 512.982.7252
Facsimile: 214.880.0181

Scott A. Forman
SForman@littler.com
LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone:    305.400.7511
Facsimile:    305.603.2552

Stacey Bradford
Email: SBradford@littler.com
Littler Mendelson, P.C.
420 20th Street North, Suite 2300
Birmingham, AL 35203
Telephone: 205.421.4779
Facsimile: 205.449.9864